NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| JOHN T. BUSSICULO,<br><br>Plaintiff,<br>v.<br><br>BABCOCK POWER, INC.,<br><br>Defendants. | Civil Action No.: 13-7192(JLL)<br><br>**OPINION** |

This matter comes before the Court by way of Defendant's motion to dismiss Plaintiff's Complaint [Entry No. 7] and Plaintiff's cross-motion to file an amended complaint. [Entry No. 11]. This Court referred both motions to the Honorable Joseph A. Dickson, United States Magistrate Judge, pursuant to 28 U.S.C. § 636 (b)(1)(B). Magistrate Judge Dickson filed a Report and Recommendation on August 7, 2014 recommending that Plaintiff's motion to amend be granted and that Defendant's motion to dismiss the original complaint be denied as moot. On September 11, 2014, Defendant Babcock Power, Inc. filed an Objection to Magistrate Judge Dickson's August 7, 2014 Report and Recommendation. The Court decides this matter without oral argument pursuant to Rule 78 of the Federal Rules of Civil Procedure. For the reasons set forth below, the Court adopts Magistrate Judge Dickson's Report and Recommendation, grants Plaintiff's motion to amend and denies as moot (and without prejudice) Defendant's motion to dismiss the original complaint.

1

1.   **Legal Standard**

When a magistrate judge addresses motions that are considered "dispositive," such as to grant or deny a motion to dismiss or to remand an action to state court, a magistrate judge will submit a Report and Recommendation to the district court. 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72; L. Civ. R. 72.1(c)(2). The district court may then "accept, reject or modify, in whole or in part, the findings or recommendations made by the magistrate. The judge may also receive further evidence or recommit the matter to the magistrate with instructions." 28 U.S.C. § 636(b)(1)(c); *see also* L. Civ. R. 72.1c(2). Unlike an Opinion and Order issued by a magistrate judge, a Report and Recommendation does not have the force of law unless and until the district court enters an order accepting or rejecting it. *See United Steelworkers of Am. v. N.J. Zinc Co., Inc.,* 828 F.2d 1001, 1005 (3d Cir. 1987).

When a litigant files an objection to a Report and Recommendation, the district court must make a *de novo* determination of those portions to which the litigant objects. 28 U.S.C. § 636(b)(1) (c); Fed. R. Civ. P. 72(b); L. Civ. R. 72.1c(2).

2.   **Discussion**

The Court begins by noting that this case is brought pursuant to the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001, et seq.   This Court's jurisdiction is thus premised on 28 U.S.C. § 1331.

As the Court writes only for the parties, a familiarity with the underlying facts and procedural history of the case is presumed.  Suffice it to say that Plaintiff filed an original Complaint in November 2013.   In February 2014, Defendant filed a motion to dismiss Plaintiff's

Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) and/or to transfer venue, and/or for a more definite statement pursuant to Rule 12(e). In April 2014, Plaintiff filed a cross-motion to amend the Complaint pursuant to Federal Rule of Civil Procedure 15(a).   On August 7, 2014, Magistrate Judge Dickson entered a Report and Recommendation granting Plaintiff's cross-motion to amend, denying, as moot Defendant's motion to dismiss a complaint that was no longer the operative Complaint in this matter and reserving on the issue of venue after concluding that jurisdictional discovery may be needed in order to properly rule on that aspect of Defendant's motion.   On September 11, 2014, Defendant filed an Objection to Magistrate Judge Dickson's Report and Recommendation, pursuant to Local Civil Rule 72.1(c)(2).

In its Objection, Defendant challenges the following aspects of Magistrate Judge Dickson's Report and Recommendation: (1) he failed to consider the significance of the materially altered allegations from the initial complaint to the amended complaint, (2) he failed to require plaintiff to plead facts sufficient to determine whether his claims were filed within the applicable statute of limitations, and (3) he failed to consider whether the allegations were sufficient to establish the materiality of the alleged misrepresentations or detrimental reliance.   Each of these arguments pertains to Magistrate Judge Dickson's ruling on Plaintiff's cross-motion to amend, which—although couched in a Report and Recommendation that also ruled on a motion to dismiss—is considered non-dispositive in this District.   Thus, to the extent Defendant has filed an "objection" to Magistrate Judge Dickson's ruling on Plaintiff's motion to amend pursuant to Local Civil Rule 72.1(c)(2), such objection is procedurally improper inasmuch as such ruling is considered non-dispositive.

To the extent the Court should, instead, construe Defendant's "objection" as an "appeal"

of Magistrate Judge Dickson's decision on the motion to amend, pursuant to Local Civil Rule 72.1(c)(1), the Court begins by highlighting the difference in the applicable standard of review. Under Local Civil Rule 72.1(c)(1) (A), a party may appeal a magistrate judge's non-dispositive order by serving on all parties "a written notice of appeal which shall specifically designate the order or part thereof appealed from and the basis for objection thereto." "A judge shall consider the appeal ... and set aside any portion of the Magistrate Judge's order found to be *clearly erroneous or contrary to law*." L. Civ. R. 72.1(c)(1)(A) (emphasis added); Fed. R. Civ. P. 72(a). Although Defendant's objection makes no reference to the applicable standard of review, it is clear that Defendant urges the Court to conduct a *de novo* review of Magistrate Judge Dickson's August 7, 2014 Report and Recommendation.    To the contrary, to the extent Defendant takes issue with Magistrate Judge Dickson's ruling on a motion to amend—which is a non-dispositive matter— such challenge much be asserted as an appeal, and thus must meet the higher standard of showing that the magistrate judge's findings were either clearly erroneous or contrary to law.    L. Civ. R. 72.1(c)(1).

Having carefully considered the three issues raised by the Defendant, the Court concludes that Defendant has failed to meet its burden of showing that any of Magistrate Judge Dickson's findings were either clearly erroneous or contrary to law.    To the contrary, the Court finds that each of Defendant's arguments either indicate a mere disagreement with the Magistrate Judge's conclusions, or seek to challenge the actual merits of Plaintiff's claims, which is inappropriate at the pleading stage (and is *particularly* inappropriate on a motion to amend).

Defendant's objection to Magistrate Judge Dickson's August 7, 2014 Report and Recommendation is therefore rejected in its entirety.    Defendant is free, however, to re-assert any

pertinent legal arguments on a motion to dismiss the Amended Complaint, pursuant to Federal Rule of Civil Procedure 12(b)(6).  *See generally Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' ") (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

**3.     Conclusion**

Having thoroughly reviewed Magistrate Judge Dickson's August 7, 2014 Report and Recommendation, including Defendant's objection thereto, this Court hereby adopts said Report and Recommendation [Entry No. 16] as the findings of fact and conclusions of law of this Court and thus grants Plaintiff's motion to amend the complaint [Entry No. 11] and denies as moot (and without prejudice) Defendant's motion to dismiss the original complaint [Entry No. 7].

An appropriate Order accompanies this Opinion.


Date:   September 15, 2014

s/ Jose L. Linares
Jose L. Linares
United States District Judge